IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RHODNEY BRICE,

    Petitioner,

v.                                    Civil Action No. 5:11CV172
                                                         (STAMP)
TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On November 23, 2011, the pro se[1] petitioner, Rhodney Brice, filed a petition under 28 U.S.C. § 2241. That same day, the petitioner was sent a notice of deficient pleading advising him that he needed to file his § 2241 petition on the correct form within twenty-one (21) days. On December 9, 2011, the petitioner filed a request for an extension of time to submit his form § 2241 petition. In support of the motion for an extension, the petitioner states that he needs additional time to exhaust his administrative remedies.

United States Magistrate Judge James E. Seibert issued a report and recommendation on December 22, 2011, recommending that the petitioner's motion for an extension be denied and that this matter be dismissed without prejudice for the failure to exhaust

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on or before January 12, 2012. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

Federal inmates are generally required to exhaust their administrative remedies prior to filing a § 2241 petition. See e.g. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). However, to the extent that exhaustion has been applied to

habeas corpus, such a requirement is not mandated by statute. Indeed, exhaustion prerequisites in habeas corpus actions arising under § 2241 are judicially imposed. It follows then, that a court has the discretion to waive the exhaustion requirement in certain circumstances. See <u>LaRue v. Adams</u>, No. 1:04-0396, 2006 WL 1674487, at *8 (S.D. W. Va. June 12, 2006).

In this case, the petitioner acknowledges that he failed to exhaust all of his administrative remedies prior to filing his § 2241 petition. As the magistrate judge explained, requiring the petitioner to attempt resolution of his claim within the Bureau of Prison's administrative remedy process would be promoting many of the policies which underlie the exhaustion principle. See <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1327 (11th Cir. 1998) (listing seven policies favoring exhaustion). Thus, this Court finds no clear error in the magistrate judge's determination that the petitioner's § 2241 petition must be dismissed without prejudice for failure to exhaust administrative remedies.

## IV.   <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Additionally, the petitioner's motion for an extension of time to submit his form § 2241 petition is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court as to the matters addressed in the magistrate judge's report and recommendation.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    January 26, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE